IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>SAINT CATHERINE HOSPITAL OF PENNSYLVANIA, LLC | Chapter | 7 |
| Debtor(s) | Case Number: | 5-12-bk-02073-JJT |
| WILLIAM G. SCHWAB, as Chapter 7 Trustee of the Estate of St. Catherine Hospital of Pennsylvania, LLC d/b/a St. Catherine Medical Center of Fountain Springs | | |
| Plaintiff(s) | Adversary Number: | 5-13-ap-00171-JJT |
| v. | | |
| LEASE ASSOCIATES, INC. | Document No.: | 8 |
| Defendant(s) | Nature of Proceeding: | Plaintiff's Motion for Summary Judgment |

# OPINION

The Trustee of St. Catherine Hospital of Pennsylvania, LLC, William G. Schwab, has filed a Complaint to avoid a judgment lien under the strong arm provisions of the Bankruptcy Code found at 11 U.S.C. § 544 et. seq. He has named as a Defendant Lease Associates, Inc., which had obtained a prepetition judgment, not against the Debtor, but against a related entity known as Saint Catherine Healthcare of Pennsylvania, LLC (Healthcare). The Trustee now moves for summary judgment setting forth facts that are generally not in dispute and that, he says, require me to enter judgment in his favor and against Lease Associates. While those facts may be somewhat convoluted, I will try to simplify them for purposes of this disposition.

On April 9, 2012, the Debtor filed for Chapter 11 which thereafter converted to Chapter 7. On November 5, 2012, the Trustee began a lawsuit in this Court against Healthcare asking for a declaratory judgment that Healthcare was an alter ego of the Debtor. Adversary No.:5:12-ap-00298. Healthcare was a limited liability corporation whose managing partner was Robert Lane.

Robert Lane was in Chapter 7 bankruptcy in the State of Wyoming. Lane's Chapter 7 Trustee and Schwab, the Debtor's Trustee, thereafter entered into an agreement which resulted in a consent judgment in Adversary No. 5:12-ap-00298 to the effect that Debtor and Healthcare conducted a "single enterprise." This was a virtual admission that the two companies were alter egos of each other.

Schwab now argues that, by virtue of that consent judgment, Lease Associates' judgment against Healthcare is a voidable preference by reason of the Debtor's filing within 90 days of judgment being entered against Healthcare by Lease Associates.

The reasons why two legal entities may be treated as one, either as a single entity or consolidated estates, are many and varied. The fact that this was a consent judgment finding a single entity existed suggests that little or no record has been made before me compelling such a finding. Nevertheless, Schwab makes a leap that, for all purposes, the two entities should be held to be one by virtue of the consent judgment. That conclusion may be overbroad. Our Circuit Court of Appeals has spoken extensively about attempts to disregard corporate forms for the so-called "benefit of creditors." *In re Owens Corning,* 419 F.3d 195 (3rd Cir. 2005). As stated by that Court, the general expectation of commercial markets is that courts respect entity separateness. *Owens Corning,* 419 F.3d at 211. The Court warned that consolidation should be used "defensively to remedy identifiable harms, not offensively" to disadvantage a creditor.[1] *Owens Corning,* 419 F.3d at 215. The Circuit Court of Appeals hinted that consolidation may be possible for some purposes but not all purposes. "If an objecting creditor relied on the separateness of the entities, consolidation cannot be justified *vis-à-vis the claims of that*

---

[1] "While substantive consolidation may be used defensively to remedy the identifiable harms caused by entangled affairs, it may not be used offensively (for example, having a primary purpose to disadvantage tactically a group of creditors in the plan process or to alter creditor rights)." *In re Owens Corning,* 419 F.3d 195, 211 (3rd Cir. 2005).

*creditor*". *Owens Corning,* 419 F.3d at 210 [emphasis mine].  This is a concept quite consistent with consolidation under the bankruptcy code where, after joint administration, the court can determine *the extent, if any*, estates should be consolidated.  11 U.S.C. § 302(b).  I am satisfied that this agreement between bankruptcy trustees to treat two corporate entities as a single entity leaves room for a Court to consider the equities involved in specific creditor relationships.  On the facts before me, Lease Associates secured a judgment lien against property of a nondebtor.  Before that lien is avoided, it has the right to require the Plaintiff Trustee to prove that the property in question was property of this Debtor at that time.  I conclude that the Consent Judgment in an Adversary that did not include Lease Associates as a party, is not binding on Lease Associates under any accepted principle.  Moreover, to the extent that the consent judgment is inconsistent with *Owens Corning*, this Court is free to revisit that judgment under Federal Rule of Bankruptcy Procedure 9024 to provide limited relief from that judgment to a party.

Suffice it to say that summary disposition is inappropriate under the circumstances of this case.  That is especially true in light of other remedies that this Court has at its disposal should the equities of the situation require it, such as those provided under 11 U.S.C. § 510(c).

My Order denying the Trustee's Motion for Summary Judgment is attached.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: January 6, 2014